UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL HOOTEN,

    Plaintiff,

    v.   CAUSE NO. 3:26-CV-11-JTM-AZ

CENTURION HEALTH OF INDIANA
LLC, et al.,

    Defendants.

OPINION and ORDER

Michael Hooten, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Hooten is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Hooten is an inmate at Miami Correctional Facility ("MCF") who has been diagnosed with multiple sclerosis. He claims that ever since arriving at MCF in August

2025, he has had problems receiving pain medication to relieve his symptoms. He was under the care of an outside neurologist who recommended that he receive Gabapentin three times per day. He received that medication at another facility, but during his time at MCF he has only been given his medication two times per day. There have been other instances where he was only given it once a day. He claims this causes long hours in which he is in pain from his condition, and that Dr. Karl Kuenzli and Nurse Practitioner Dani (last name unknown) are responsible for his care but have not taken adequate steps to address his pain. Based on these events, he seeks monetary damages and other relief.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To allege a violation of this right, a prisoner must show (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Inmates are "not entitled to demand specific care," and the court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent

2

professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Giving Hooten the inferences to which he is entitled, he alleges a serious medical need, namely, multiple sclerosis. He also adequately alleges that his two medical providers have acted with deliberate indifference to the debilitating pain he experiences because of this condition by not supplying him with adequate pain medication. He will be permitted to proceed further on a claim for damages against these medical providers.

Hooten's complaint can be read to allege that he needs permanent injunctive relief related to the pain medication he receives to manage his condition. The Warden of MCF has both the authority and the responsibility to ensure that inmates at his facility are provided with constitutionally adequate medical care. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant, and Hooten will be allowed to proceed against the Warden in his official capacity for permanent injunctive relief to obtain pain medication necessary to manage his symptoms as required by the Eighth Amendment.

Hooten also sues Centurion Health of Indiana LLC, the private company that employs medical staff at Indiana prisons. A private company cannot be held liable for damages simply because it employs a medical professional who engaged in wrongdoing. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A company performing a public function may be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried

3

out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* claim, the plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Hooten alleges in conclusory terms that Centurion had policies, practices, or customs that resulted in deliberate indifference to his serious medical condition, but he does not plead facts supporting such an inference. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). In fact, some of his allegations pertain to an alleged failure of Centurion Health to train staff to respond to medical emergencies, but he does not describe any such incidents in his complaint.[1] Instead, he describes a problem with his two medical providers not ensuring that he receives adequate pain medication. This does not suggest the existence

---

[1] Hooten brought a separate suit in the Southern District of Indiana pertaining to a multiple sclerosis relapse he suffered in April 2024 at another facility. *See Hooten v. Centurion Health LLC*, No. 2:24-CV-00482-JPH-MKK, 2025 WL 315456, at *1 (S.D. Ind. Jan. 28, 2025). To the extent he is referring to that incident, it falls outside the scope of this lawsuit.

4

of an unlawful policy or widespread practice at play, and at most suggests failings by these providers. He has not stated a plausible *Monell* claim.

Hooten also purports to bring certain state law claims. First, he asserts a claim for intentional infliction of emotional distress ("IIED"). Because this claim stems from the failure of medical professionals to treat his medical problem, it is in substance a claim for medical malpractice notwithstanding the label he placed on it. *See Terry v. Cmty. Health Network, Inc.*, 17 N.E.3d 389, 393-94 (Ind. Ct. App. 2014) ("[T]he test [for whether a claim amounts to medical malpractice under Ind. Code § 34–18–8–4] is whether the claim is based on the provider's behavior or practices while acting in his professional capacity as a provider of medical services."). Such claims must be submitted to a medical review panel before they can be brought in court, and there is no indication from the complaint that Hooten complied with this requirement. *See* Ind. Code § 34–18–8–4. Even if the claim could be properly understood as a claim of IIED, he has not alleged the type of extreme and outrageous conduct that would support such a claim. It is evident from his allegations that he is being provided a strong pain medication to manage his pain; his allegations about occasional lapses in receiving it or needing it more often, while concerning, do not suggest conduct that "exceeds all bounds usually tolerated by a decent society." *Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 522 (Ind. Ct. App. 2001). He will not be permitted to proceed on this claim.

He also purports to bring a breach of contract claim against Centurion Health. "The parties to a contract are the ones to complain of a breach, and if they are satisfied with the disposition which has been made of it and of all claims under it, a third party

has no right to insist that it has been broken." *Harold McComb & Son, Inc. v. JPMorgan Chase Bank, NA*, 892 N.E.2d 1255, 1258 (Ind. Ct. App. 2008). It is evident that Hooten is not a party to the contract between Centurion Health and Indiana Department of Correction to provide medical staff at Indiana prisons.

Nevertheless, he claims that he is entitled to enforce the contract as a "third party beneficiary." A third-party may seek to enforce a contract only if it is clear "that it was the purpose . . . of the contract to impose an obligation on one of the contracting parties in favor of the third party." *Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006). "It is not enough that performance of the contract would be of benefit to the third party." *Id.* "The intent to benefit the third party is the controlling factor and may be shown by specifically naming the third party or by other evidence." *Eckman v. Green*, 869 N.E.2d 493, 496 (Ind. Ct. App. 2007). Aside from alleging generally that Centurion Health contracted with IDOC to provide medical care at Indiana prisons, Hooten does not plausibly allege facts from which the court could infer that he is named in the contract or that the parties contracted with a specific intent to benefit him. It is not enough that performance of the contract benefits Indiana prisoners like him. *Cain*, 849 N.E.2d at 514; *see also Harper v. Corizon Health Inc.*, No. 2:17-CV-228-JMS-DLP, 2018 WL 6019595, at *8-9 (S.D. Ind. Nov. 16, 2018) (rejecting inmate's breach of contract claim against private

6

company employing medical staff at Indiana prisons based on a third-party beneficiary theory). He will not be permitted to proceed with this claim.[2]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Carl Kuenzli and Nurse Practitioner Dani (last name unknown) in their personal capacity for money damages for failing to provide him with adequate pain medication to address his symptoms of multiple sclerosis from August 2025 to the present in violation of the Eighth Amendment;

(2) DIRECTS the Clerk to add the Warden of Miami Correctional Facility as a defendant;

(3) GRANTS the plaintiff leave to proceed against the Warden of Miami Correctional Facility in his official capacity for permanent injunctive relief related to the plaintiff's need for adequate pain medication to manage his symptoms of multiple sclerosis as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Centurion Health of Indiana LLC as a defendant;

(6) DIRECTS the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

---

[2] To the extent he is trying to assert a claim on behalf of his family members as "Indiana taxpayers," he has no standing to assert claims on behalf of others. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999).

the Warden of Miami Correctional Facility at Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Carl Kuenzli and Nurse Practitioner Dani (last name unknown) at Centurion Health and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(9) ORDERS the Warden, Dr. Kuenzli, and Nurse Practitioner Dani to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: January 20, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT